NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JARNAIL SINGH,

               Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

               Respondent.

No.   18-70442

Agency No. A098-516-498

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 24, 2020[**]

Before: HAWKINS, GRABER, and McKEOWN, Circuit Judges.

Petitioner Jarnail Singh, a native and citizen of India, timely petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The parties are familiar with the facts, so we do not repeat them here.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the BIA's decision, "except to the extent that the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (quoting *Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)). "We review petitions for review of the BIA's determination that a petitioner does not qualify for asylum or withholding of removal under the highly deferential 'substantial evidence' standard." *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010) (citing *INS v. Elias–Zacarias*, 502 U.S. 478, 481 (1992)).

Although Singh was entitled to a presumption of a well-founded fear of future persecution in India, substantial evidence supports the finding that Singh no longer has a well-founded fear of future persecution because country conditions in India have fundamentally changed. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(A) (asylum), 1208.16(b)(1)(i)(A) (withholding of removal). The BIA reviewed country conditions evidence submitted by both parties and concluded that the situation in India and Punjab for Sikhs has improved considerably since the mid-1990s. The BIA also concluded that members of Singh's political party, the Shiromani Akali Dal Amritsar, no longer face widespread ill-treatment and harassment by the police.

The record reflects that the BIA considered how these country conditions bore upon Singh individually. Reviewing the totality of the evidence, the BIA

2

concluded that only high-level members of Sikh militant groups are likely to face persecution in India. The BIA reasonably concluded that if current, low-level members of Sikh militant groups are not likely to be persecuted, then neither would Singh, who was at most viewed by police as a militant sympathizer decades ago. *See Singh v. Holder*, 753 F.3d 826, 834 (9th Cir. 2014). Although Singh points to conflicting evidence in the record, "we have repeatedly recognized that the IJ and the BIA are entitled to rely on country reports that contain mixed messages, ambiguities, or inconsistencies." *Id.* at 831. Here, substantial evidence supports the BIA's decision to deny Singh's applications for asylum and withholding of removal.

With respect to the CAT claim, the BIA is required to consider "information regarding conditions in the country of removal" that may be "relevant to the possibility of future torture." 8 C.F.R. § 1208.16(c)(3)(iv). In light of the country conditions evidence, substantial evidence supports the BIA's determination that Singh was unlikely to be tortured by, or with the acquiescence of, the Indian government under current conditions in India.

**PETITION DENIED.**